ANGELO GARGIULO v. ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT FAIRFIELD COUNTY FILE No. 107550
AT BRIDGEPORT

Memorandum filed January 28, 1959

*Angelo Gargiulo,* pro se.

*John J. Bracken,* attorney general, and *Harry Silverstone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

TROLAND, J. All the corrections of the finding of facts requested in the administrator's motion for correction of the finding should have been made, as all are admitted, undisputed facts, and such corrections are hereby made.

On the corrected finding it appears that Angelo Gargiulo filed a new claim for unemployment benefits on July 6, 1958. He was notified by the unemployment compensation department that he had not earned $150 since initiating a new benefit year in September, 1957, and that he therefore was not eligible to receive any benefits in his present benefit year until such time as he made the minimum earnings requirement. Rev. 1958, § 31-236 (8). Thereafter Angelo went to his brother, Carl Gargiulo, who operated "Merts Garage" in Bridgeport, and as a result of his plea that he could not receive any further unemployment checks until he was paid wages in the amount of $150, he was, on July 23, 1958, hired as a mechanic's helper. Angelo was hired by his brother Carl for the purpose of enabling Angelo to qualify for unemployment benefits in the second benefit year. Angelo had no experience as a mechanic's helper.

Carl Gargiulo regularly employs two persons who work with him. One of these employees was an experienced body man who had worked eight months and who was paid $2 per hour. The other employee was a helper, or "half mechanic," who had worked about eight months and was paid $1.65 per hour. Angelo was paid $30 at the end of the first week, when he had worked four days of eight hours each, and at the end of the second week he was paid $120. After about two weeks of what the commissioner has found to be "trial employment" on a "supposedly test basis," the employer-brother Carl decided that there was not really enough work to have four people around the garage, and the claimant Angelo was laid off for lack of work. During the two weeks of the "trial employment," claimant did work around the garage doing many tasks similar to those done by the other helper.

The commissioner has held on the above facts that the claimant has fulfilled the eligibility requirements for benefits in a subsequent benefit year, since he "earned" $150 as wages paid by his brother. The commissioner's decision states that Angelo was "possibly overpaid," and that "it may very well be that the only reason that claimant's brother gave this claimant a job was in order to have claimant earn the $150.00 to make him eligible for benefits in a subsequent benefit year." The administrator claims that on the facts there was not a bona fide employment relationship between Angelo Gargiulo and his brother Carl Gargiulo and that therefore the requirement of the statute that a claimant be paid "wages since the commencement of said prior benefit year in an amount equal to at least one hundred and fifty dollars" has not been met. The weight of the evidence and the credibility of the witnesses are to be determined by the commissioner. There is no finding of fraud or collusion.

On the facts found, the conclusion of the commissioner that Angelo Gargiulo was employed, that he worked and that he was paid wages of $150 cannot be disturbed.

Judgment may enter sustaining the award.